UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VERDELL MARCEL BROOKS,

    Petitioner,

vs.

    Case No.:    3:16-cv-814-J-39JBT
                   3:92-cr-157-J-39JBT

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner Verdell Marcel Brooks's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion) and Supporting Memorandum (Civ. Doc. 6, Memorandum).[1] Brooks pled guilty to one count of being a felon in possession of a firearm, and the Court ultimately sentenced him to a term of 210 months in prison after determining he was an armed career criminal. Brooks raises a single claim: that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The United States has responded (Civ. Doc. 10, Response), and Brooks has replied (Civ. Doc. 17, Reply). Thus, the matter is ripe for review.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255

---

[1] Citations to the record in the underlying criminal case, United States v. Verdell Marcel Brooks, No. 3:92-cr-157-J-39JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-814-J-39JBT, will be denoted as "Civ. Doc. __."

1

Proceedings[2], the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Brooks's § 2255 Motion is due to be denied.

## I. The ACCA and Johnson

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the "enumerated offense" clause, and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." Mays v. United States, 817 F.3d 728, 731 (11th Cir. 2016).

---

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

In Johnson v. United States, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated offense clause remain unaffected. Id. at 2563. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on Johnson, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. Beeman v. United States, 871 F.3d 1215, 1220-22 (11th Cir. 2017), cert. denied, — S. Ct. —, 2019 WL 659904 (Feb. 19, 2019).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of sentencing. See id. at 1224 n.5. Thus, court decisions rendered afterward holding that an offense does not qualify under the elements clause or the enumerated offense clause "cast[ ] very little light, if any, on th[is] key question of historical fact." Id. A prisoner can

3

prove that the sentencing court relied on the residual clause by pointing to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will "sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement," such as statements in the presentence investigation report (PSR) or concessions by the prosecutor that the elements clause and enumerated offense clause were inapplicable. Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

**II.   Discussion**

Brooks is not entitled to relief from his ACCA sentence because he has not carried his burden under Beeman. Brooks has not pointed to anything in the record that indicates, directly or indirectly, that the Court relied on the residual clause at the time it sentenced him. Because Brooks cannot show that the Court "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause" to qualify a prior conviction as a violent felony, Beeman, 871 F.3d at 1221, he is not entitled to relief under Johnson.

In any event, Brook's ACCA sentence did not (and does not) rely on the residual clause. Brooks qualified for the ACCA enhancement based on the following prior convictions in the State of Florida: (1) possession of cocaine with intent to sell; (2) the sale

4

or delivery of cocaine; and (3) aggravated assault. Memorandum at 2 (citing PSR at ¶ 17). Brooks conceded at the initial sentencing hearing that these prior convictions qualified him as an armed career criminal. Dec. 1, 1992 Sentencing Transcript at 13-14.[3]

Brooks's two prior convictions for possession of cocaine with intent to sell and the sale or delivery of cocaine do not implicate the residual clause, and thus are not affected by Johnson. See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (conviction for the sale of cocaine under § 893.13, Fla. Stat., is a serious drug offense). Additionally, Brook's prior conviction for aggravated assault qualifies as a violent felony under the ACCA's elements clause. Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1337-38 & n.6 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S. Ct. 2551. As such, this ACCA predicate is also unaffected by Johnson. While Brooks argues that Turner was wrongly decided in light of subsequent Supreme Court decisions (Civ. Doc. 6 at 3-6), the Eleventh Circuit has rejected such arguments, holding that "Turner is binding" and "even if Turner is flawed, that does not give us, as a later panel, the authority to disregard it." United States v. Golden, 854 F.3d 1256, 1257 (11th Cir.), cert. denied, 138 S. Ct. 197 (2017); see also United States v. Kendricks, — F. App'x —, 2018 WL 6584243, at *5 (11th Cir. Dec. 13, 2018) ("While Kendricks argues that Turner was wrongly decided, our

---

[3] Brooks did, however, contest whether he qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines. See Dec. 1, 1992 Sentencing Transcript at 2, 10-11. Brooks argued that he did not qualify as a career offender because the offense of conviction – possession of a firearm by a convicted felon – was not a "crime of violence." See id. This Court rejected Brooks's argument, ruled that he was a Guidelines career offender (in addition to being an armed career criminal), determined that his total offense level was 35 and his Criminal History Category was VI, and sentenced him to 365 months in prison. Id. at 11-12, 21. Afterward, however, the United States Supreme Court held in Stinson v. United States, 508 U.S. 36, 47 (1993), that unlawful possession of a firearm is not a "crime of violence" for purposes of the Guidelines' career offender provision. Following Stinson, the Eleventh Circuit remanded the case for resentencing. See Dec. 30, 1993 Resentencing Transcript at 2. The Court resentenced Brooks, without the career offender enhancement, to a term of 210 months in prison. Id. at 2-5. But the ACCA enhancement remained unchanged and unchallenged.

5

decision remains binding unless and until it is overruled by this Court en banc or the Supreme Court."). Accordingly, this Court is bound to conclude that Brook's aggravated assault conviction remains a violent felony under the elements clause.

In his Reply brief, Brooks argues at length that his two prior drug convictions no longer count as ACCA "serious drug offenses." Reply at 3-10. However, such arguments fail for several reasons. First, Brooks affirmatively acknowledged at the sentencing hearing, and even in his Memorandum, that the two prior drug convictions qualified as ACCA predicates. See Dec. 1, 1992 Sentencing Transcript at 13-14; Memorandum at 6 ("Without the conviction for aggravated assault, Mr. Brooks has only two ACCA predicate convictions, both for cocaine offenses."). Brooks has thereby waived any argument that these convictions do not qualify as serious drug offenses. Second, in his § 2255 Motion and Memorandum, Brooks made no argument that his prior drug convictions do not count as ACCA "serious drug offenses." See § 2255 Motion at 4; Memorandum at 3-6. Brooks argued only that his prior conviction for aggravated assault no longer qualifies as a violent felony without the residual clause. Memorandum at 3-6. Because a party cannot raise new claims in a reply brief, and Brooks did not obtain leave of the Court to add these new claims, these arguments are procedurally barred. Oliveiri v. United States, 717 F. App'x 966, 967 (11th Cir. 2018); Snyder v. United States, 263 F. App'x 778, 779-80 (11th Cir. 2008). Third, the Supreme Court's decision in Johnson did not open a portal for prisoners to challenge whether their prior drug convictions qualify as ACCA serious drug offenses. See In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016) ("Johnson involved the residual clause and does not serve as a portal to relitigate whether a prior robbery conviction or another conviction qualifies under the elements clause."). Johnson dealt only with the

residual clause, not the ACCA's definition of serious drug offenses. See Johnson, 135 S. Ct. at 2563; Bell v. United States, 688 F. App'x 593, 594-95 (11th Cir. 2017) ("The Johnson decision did not affect the ACCA's definition of "serious drug offenses."). Brooks cannot take advantage of Johnson, more than 20 years after his conviction and sentence became final, to challenge whether his prior drug convictions count as ACCA predicates. If Brooks wanted to argue that his prior drug convictions do not meet the definition of a serious drug offense, he could and should have done so either on direct appeal or in an earlier § 2255 motion. Thus, under any measure, Brooks's arguments that his prior drug convictions do not qualify as serious drug offenses must fail.

### III. Conclusion

The Court determines that Brooks has not "show[n] that – more likely than not – it was use of the residual clause that led to the sentencing court's enhancement of his sentence." Beeman, 871 F.3d at 1221-22. Therefore, in accordance with the Rules Governing Section 2255 Proceedings in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Verdell Marcel Brooks's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk should enter judgment in favor of the United States and against Brooks, and close the file.

3. If Brooks appeals the denial of his motion, the Court denies a certificate of appealability (COA).[4] Because this Court has determined that a COA is not

---

[4] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of

7

warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of April, 2019.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner

---

the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.